IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN AUSTIN JACOBS | § | |
| VS. | § | CIVIL ACTION NO. 5:19cv123 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner John Austin Jacobs, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Prior Proceedings

Pursuant to pleas of guilty entered in the 202nd District Court of Bowie County, Texas, petitioner was convicted of evading arrest or detention with a vehicle and of burglary of a building. He was sentenced to 30 years of imprisonment for evading arrest and 10 years of imprisonment for burglary, with the sentences to run concurrently. Petitioner did not appeal his convictions or sentences.

Petitioner subsequently filed three applications seeking a writ of habeas corpus. The first application, which challenged the evading arrest conviction, was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. The second application, which challenged the burglary conviction, was denied without written order on the findings of the trial court without a hearing. Petitioner's third application was dismissed as a subsequent application.

## Grounds for Review

Petitioner asserts the following grounds for review: (1) he was denied effective assistance of counsel because counsel failed to relay and accept a plea offer; (2) an illegal sentence was

imposed; and (3) there was prosecutorial misconduct. Petitioner supplemented his petition to include two additional grounds for review: (1) the prosecution violated his rights by arguing petitioner should be seated at the defense table rather than in a wheelchair at trial and (2) the trial court denied him due process by ordering that he should be seated at the defense table rather than in a wheelchair at trial.

Standard of Review

Title 28 U.S.C. § 2254 authorizes the District Court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reached a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court has on a materially indistinguishable set of facts. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identified the correct governing legal principle, but unreasonably applied that principle to the facts. *Id*. An unreasonable application of law differs from an incorrect application; thus, a federal habeas court may correct what it finds to be an incorrect application of law only if this application is also objectively unreasonable. *Id*. at 409-11. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. The Supreme Court has noted that this standard is difficult to meet "because it was meant to be." *Id*.

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951.

Analysis

### *Ineffective Assistance of Counsel*

    A. Legal Standard

In addressing the issue of what a petitioner must prove to demonstrate an ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> First . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction . . . resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. In order to prove the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. at 111.

A habeas petitioner must "affirmatively prove," not just allege, prejudice. *Day*, 556 F.3d at 536. If a petitioner fails to prove the prejudice part of the test, the court need not address the

question of counsel's performance. *Id*. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland*, 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 119, 2006 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.3d 871, 876 (5th Cir. 1989)).

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating a similar claim on direct appeal of a federal conviction. *Harrington*, 562 U.S. at 101. The key question on federal habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. The deferential standard applicable to federal habeas review requires federal courts to apply a "doubly deferential" standard of reviews to claims of ineffective assistance, under which both the conclusions of the state court and strategic decisions of defense counsel are given the benefit of the doubt. *Burt v. Titlow*, 134 S.Ct. 10, 13 (2013).

B. Application

*Application*

Petitioner faults counsel for failing to inform him of a plea offer which would have resulted in petitioner being sentenced to 5 years of imprisonment.

In connection with petitioner's second state habeas proceeding, Rick C. Shumaker, one of petitioner's attorneys submitted an affidavit which provided, in part, as follows:

> Our office was initially appointed to represent Mr. Jacobs on January 3, 2017. His initial appearance was set for February 10, 2017 and it is my understanding that Mr. Jacobs was incarcerated in another jurisdiction and his case was reset for March 13, 2017. At that hearing Mr. Jacobs did not appear and a failure to appear warrant was issued. Mr. Jacobs was subsequently arrested and appeared for arraignment on June 5, 2017 and entered a plea of not guilty. Prior to court I personally would speak to all defendants who were released on bail and communicate their offer to them that the District Attorney had provided. I advised Mr. Jacobs that his offer on each case was five (5) years in the Texas Department of Criminal Justice to run concurrent on each of his cases. I advised him that both charges had been enhanced by his prior convictions and he was facing 2-10 years TDC on the Burglary of a Building Charge and 25-99 or Life on the Evading with a vehicle charge. Mr. Jacobs rejected both plea offers at this time. We advise our out of jail defendants to immediately contact our office and schedule an appointment to discuss their cases and possible outcomes. To my knowledge, Mr. Jacobs never contacted our office and scheduled an appointment.
>
> He further appeared on July 10, 2017 and was again advised of the five year offer. He appeared on August 14, 2017 and was reset to September 11, 2017. He again appeared on September 11, 2017 and was reset until October 5, 2017, then reset to November 6, 2017. It is my understanding that at the pretrial on November 6, 2017 the five year (5) TDC offer was pulled and the case was set for trial on May 21, 2018. His case was again set for pretrial on December 4, 2017 and at that hearing the case was reset for January 29, 2018. It is my recollection that the offer was increased by the District Attorney to ten (10) years in TDC or he was subject to enhanced punishment if he went to trial.
>
> [Mr. Jacobs] stated in his Writ that after he entered a plea of guilty he was shown his file that noted an offer of five (5) years TDC and that he was never communicated that offer. I have attached a copy of his file cover sheet and the note sheet in the file indicating that five years was initially offered as Exhibit A. I recall personally advising Mr. Jacobs of the five year offer and the enhancement of his sentences due to his extensive criminal history. Mr. Jacobs refused the five year offer.

(Doc. No. 17-10, pp. 113-14).

With respect to this claim, the state habeas trial court stated as follows:

> Applicant contends his counsel was ineffective for failing to communicate to him the State's plea offer of five (5) years on the Evading Arrest with a Vehicle charge. He contends he was coerced into taking a thirty (30) year sentence on the Evading Arrest with a Vehicle charge and ten (10) years State Jail on the Burglary of a Building charge. He contends that Shoaib Daredia, counsel prior to Mr. Haas, failed to notify him of the offer, possibly made by the State when Applicant missed a court appearance due to hospitalization, and he eventually pled guilty receiving a ten (10) years sentence on the Burglary of a Building charge. He contends learned of the five (5) year offer when he saw it in Mr. Haas's file, after pleading guilty.

5

> Based on the Affidavit of trial counsel, Rick C. Shumaker, the Court makes the following findings:
>
> Prior to Court, Shumaker speaks to defendants released on bail and communicates plea offers provided by the State.
>
> He advised Applicant that the State offered five years in the Texas Department of Criminal Justice (TDCJ) on each case, to run concurrent.
>
> He advised Applicant that both charges had been enhanced by his prior convictions, and he faced 2-10 years TDCJ on the Burglary of a Building charge and 25-99 to Life on the Evading Arrest with a Vehicle charge.
>
> Applicant rejected both plea offers at that time.
>
> On July 10, 2017, Applicant appeared in Court and was again advised of the five year offer.
>
> It is his recollection that the State's offer increased to ten (10) years TDCJ, or he was subject to enhanced punishment if he went to trial.
>
> Shumaker recalls personally advising Applicant of the five (5) year offer and the enhancement of his sentences due to his extensive criminal history.
>
> Applicant refused the five (5) year offer.

(Doc. No. 17-10, pp. 137-40).

The state habeas trial court made a finding that the five year plea offer was communicated to petitioner, who rejected the plea offer. Petitioner has not shown by clear and convincing evidence that this finding was an unreasonable determination of the facts in light of the evidence presented in state court.

Based on this finding, it cannot be concluded counsel failed to communicate the five year plea offer to petitioner. As a result, the rejection of this ground for review by the state courts was not contrary to, or an unreasonable application of, clearly established federal law.

*Illegal Sentence*

Petitioner contends the trial court erred by imposing an "unauthorized/illegal" sentence of 10 years of imprisonment. He states he signed a blank plea agreement providing for 10 years imprisonment in a state jail. He asserts a portion of the agreement was scratched through and words were added stating the offense he was pleading guilty to had been enhanced to a third degree felony.

Pursuant to § 38.04(b)(2)(A) of the Texas Penal Code, the offense of evading arrest or detention is a third degree felony if the person used a vehicle. However, § 12.42 of the Penal Code provides that a person convicted of a felony, other than a state jail felony, who has two prior felony convictions, is subject to a sentence of 25-99 years or life imprisonment.

Petitioner had previously been convicted of the felony offenses of residential burglary and burglary of a habitation. As a result, § 12.42 of the Penal Code authorized a sentence of 30 years of imprisonment. Petitioner's sentence was therefore neither illegal nor unauthorized.

*Prosecutorial Misconduct*

Petitioner asserts he was arrested and booked on a charge other than evading arrest with a vehicle. He states that when he was taken before a magistrate he was told he was charged with evading arrest or detention rather than evading arrest with a vehicle. He asserts the prosecution improperly changed the original charge of evading arrest and detention, a state jail felony, to evading arrest with a vehicle, a third degree felony.

Petitioner's indictment stated he was charged with evading arrest with a vehicle. It is not clear how changing the offense petitioner was originally charged with would have been illegal. Moreover, at the time petitioner pled guilty, he was aware of the offense he was accused of committing and he has made no attempt to describe how the change in the charge affected his ability to defend himself. Petitioner has therefore failed to establish any prejudice resulting from the original charged being changed.

Petitioner also contends he entered into an agreement with the prosecution whereby his convictions could not be treated as "3G" or aggravated. He states that court stated his offenses would not be treated as "3G" or aggravated offenses.

The plea agreement petitioner attached to his petition makes no reference to petitioner's convictions not being treated as "3G" or aggravated. Further, petitioner's judgments contain no reference to his being convicted of a "3G" or aggravated offense. As a result, these assertions fail to esablish prosecutorial misconduct.

Petitioner further faults the prosecution for successfully asking the court to require petitioner to sit at the defense table, rather than in a wheelchair, at trial. He states the prosecution would not allow medical evidence showing he was confined in a wheelchair and was incontinent.

In connection with the charge of evading arrest or detention with a vehicle, the prosecution filed a Motion to Require Defendant to Appeal Before the Jury Without the Use of a Wheelchair, Walker or Other Device to Assist with Mobility. The motion asserted that at the time of petitioner's arrest, he did not require the use of any device to assist with his mobility. The motion further asserted that when petitioner was arrested for another offense on June 9, 2018, he was not using any device to assist with his mobility. The court conducted a hearing on the motion and ordered that petitioner sit at the defense table during any trial.

As stated above, petitioner pled guilty to the offenses he was accused of committing. There was never a trial. Accordingly, petitioner has failed to demonstrate any prejudice resulting from the prosecution filing a motion regarding him using a wheelchair at trial.

***Requiring Petitioner to Sit at the Defense Table***

As stated above, petitioner believes the prosecution acted improperly when it asked the court not to permit him to use a wheelchair at trial. He states the prosecution was attempting to perpetrate a fraud on the court that he is not disabled. Petitioner further contends the court acted improperly in granting the prosecution's motion.

The respondent correctly points out petitioner has cited no authority establishing that due process entitled him to sit in a wheelchair at trial. As a result, the rejection of the state courts of this ground for review was not contrary to, or an unreasonable application of, clearly established law. Moreover, as indicated above, petitioner's pleas of guilty obviated the need for a jury trial. Accordingly, the determination that petitioner could not use a wheelchair at trial did not result in prejudice.

Recommendation

This petition for writ of habeas corpus should be denied.[1]

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

Failure to file objections bars a party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this 19th day of April, 2022.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the conclusion reached regarding the merits of the petition, the respondent's assertion that petitioner failed to exhaust his state court remedies with respect to the conviction for evading arrest with a vehicle need not be considered.